*Wilson & Smith*, for the appellant. *C. P. Hoffman*, for the respondents.

Opinion by Barnard, P. J.

Present — Barnard, P. J., and Pratt, J. Dykman, J., not sitting.

Order dismissing complaint reversed and new trial granted.

---

ELIZABETH ALLEN as Administratrix, etc., of PHILIP EIGHMIE, Deceased, Respondent, v. JEREMIAH EIGHMIE, Appellant.

*Appointment of administratrix — relates back to death of intestate — effect of, on agreements entered into by administratrix before her appointment as such.*

Appeal from an order of the Special Term striking out a portion of the defendant's answer as irrelevant.

On the 8th of December, 1875, plaintiff was appointed administratrix of Philip Eighmie, who died intestate, April 12, 1870.

This action was brought to recover certain property of the intestate taken and retained by the defendant. The latter set up in his answer that, on or about the 16th day of April, 1870, defendant being next of kin to the said Philip Eighmie, deceased, and plaintiff the widow of said deceased, and said deceased dying without issue, entered into an agreement, by the terms of which defendant was to collect the said notes and checks belonging to the estate of the said Philip Eighmie, deceased, and from the sums so collected pay all just claims, debts and demands against the said estate, and in favor of parties other than this defendant, and that the sums in his possession, and to recover which this action was brought, were collected thereunder.

This defense was stricken out as irrelevant. Upon appeal, the court at General Term say :

" The appointment of plaintiff as administratrix of the estate of Philip Eighmie, relates back to the time of death of the intestate. (*Vroom* v. *Van Horne*, 10 Paige, 549.)

The agreement made by plaintiff before her appointment must, therefore, be held binding, and can properly be pleaded in answer to the complaint."

*William C. Albro*, for the appellant.     *Hackett & Williams*, for the respondent.

Opinion by PRATT, J.

Present — PRATT and DYKMAN, JJ.   BARNARD, P. J., not sitting.

Order reversed, with costs and disbursements.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT DAY, APPELLANT, *v.* JOHN H. BERGEN, REFEREE, RESPONDENT.

*Costs — Special proceeding — Commitment of referee for contempt for refusing to carry out judgment of foreclosure — is not.*

APPEAL from an order of the Special Term, affirming a taxation of costs by the clerk of Kings county.

This proceeding was instituted to secure the commitment of the defendant for a contempt, in refusing to pay and discharge certain taxes and assessments upon real estate sold by him as a referee, as required by the judgment in the action of *Easton* v. *Pickersgill.*

The court at General Term set aside the warrant of commitment. (13 S. C. R. N. Y. [6 Hun], 267.)

The relator objected to the taxation of the costs by the clerk, on the ground that this was a special proceeding, and that the costs should be taxed by the judge before whom the same was heard, or by the court by which it was decided.

The court at General Term say : "It seems to me clear that the motion, out of which this controversy has arisen, was a part of the machinery belonging to the action of *Easton* v. *Pickersgill,* used to carry the decree into effectual execution and protect the rights of the parties therein.

It was, therefore, not a special proceeding within the meaning of